Madam Clerk, please call the first case of the afternoon. Closer to 089, Clark Motor Co. v. Workers' Compensation Comm'n Announce it. You may proceed. Honorable Justices, may it please the Court, my name is Jason Carroll and I represent the appellant, Danny Georgievich, in this matter before you this afternoon. Appellant is here today asking that the Circuit Court decision be reversed and that the Commission decision be reinstated in its entirety. There are two main issues that I would like to discuss with you today. The first is that the Circuit Court misapplied the law of the case doctrine by reversing the causal connection findings from the original 19B trial. This decision should be reviewed de novo by this Honorable Court as it was a question of law. Secondly, the Commission's award of prospective right carpal tunnel surgery and cervical physical therapy should also be reinstated, as this was not against the manifest weight of the evidence and should have been affirmed by the Circuit Court. Let me ask a threshold question. You're saying the review should be de novo? The review should be de novo as it applies to the causal connection findings of the bilateral carpal tunnel syndrome, as well as the cervical injuries, as that was decided in the original 19B trial and affirmed by the Commission, and those were not appealed further beyond that. To answer this, don't we first have to determine what the actual determinations were made by the Committee regarding causation? Because you and your opponent seem to disagree. So that wouldn't be a question of law. That would be a question of what were the findings of fact. Well, I believe that my opponent and I both agree that the Circuit Court misapplied the case of the law of the case doctrine, correct? My opponent and I both agree that the decision of the Commission was that the bilateral carpal tunnel syndrome and the cervical injuries were causally related to the original accident. The Circuit Court applied the law of the case doctrine incorrectly, and we believe, the appellant believes that this is the fatal flaw in its decision. The opposite was actually true in that the Commission affirmed the causal connection finding by the arbitrator in the original 19B decision. The Commission in the original trial only vacated the prospective right carpal tunnel surgery, stating that it could not award medical treatment that had not yet been prescribed by the treating physician, which we agree with. As the Second Circuit Appellate Court in Irizarry stated, when an issue was once litigated and decided that should be the end of the matter for all subsequent stages of the case, and that is why the appellant believes that this is the noble issue, a question of law. Contrary to what the Circuit Court decision stated, this is not an attempt at a second bite at the apple by the appellant. This is about correcting an error made by the Circuit Court in misapplying the law of the case doctrine. The Circuit Court erroneously found that the arbitrator allowed the proofs to be reopened for additional evidence regarding causal connection. That's simply not the case. The case was retried a second time simply on the matter of additional temporary total disability benefits and prospective medical treatment and some unpaid medical bills. The Circuit Court in its decision stated, the appellant believes incorrectly, that the original finding by the Commission was that there was insufficient proof or evidence to support a causal connection for these specific injuries. The claim was litigated a second time not on the question of causal connection, but on the question of prospective medical. The Commission in its second decision was very clear in summing up what it found in the first decision, stating, and I quote, the prior testimonial evidence and documentary evidence referred to bilateral carpal tunnel syndrome and cervical spine symptoms. The issue of causation for petitioner's bilateral carpal tunnel syndrome and cervical spine symptoms has been litigated, decided, and settled for all subsequent stages of this case. Therefore, this is the law of the case that the petitioner's condition of ill-being is causally related to the accident of September 20, 2006. The second trial was not an attempt to relitigate these issues. The Circuit Court, in reality, allowed the appellee to relitigate these issues that had already been decided at the first trial. In what regard? The Circuit Court allowed the appellee to argue that the causal connection was not found in the first trial. The Circuit Court found that the right carpal tunnel and cervical injuries were not, in fact, related to the original accident, which is contrary to the original decision. The Circuit Court misunderstood the prior decision as the appellant's argument in this claim. When you take that in its totality, we believe that the second issue is that the award of prospective right carpal tunnel surgery and cervical physical therapy should also be reinstated as this was not against the manifest weight of the evidence and should have been affirmed by the Circuit Court. It's well settled that questions of the causal relationship of medical care to a work-related injury are questions of fact to be resolved by the Commission. There are no time limits of when an injury claimant may go to trial or request related treatment as long as that care is required to relieve the effects of the injury. This is pursuant to the Workers' Compensation Act and has also been reaffirmed and reestablished by the Illinois Supreme Court in cases such as Freeman United Coal and Defend Geological Supply Company. The confusion, again, in this case stems from the original decision where the arbitrator erroneously awarded right carpal tunnel surgery which had not yet been prescribed by the treating physicians. This is the issue that was corrected by the Commission in the first trial. The Commission did not state that the carpal tunnel was not related to the original accident. It stated that it could not award surgery that had not yet been prescribed. And once again, the appellant were... Who's Dr. Naum? Dr. Naum is the claimant's, Georgevich's, treating physician. And in the first hearing, he did not specifically address the necessity of the surgical procedure, did he? That is correct. That came later? That came later. After the original trial had already been decided. He only addressed the left carpal tunnel surgery which was presented at the first trial, awarded by the Commission. The right carpal tunnel was awarded by the arbitrator, but the Commission correctly stated that it could not award that right carpal tunnel as it had not yet been prescribed. The obligation for a respondent to pay for related medical treatment does not cease simply because a matter has been tried and an order has been made for compensation on accrued medical expenses. Their obligation does not cease at that point. Again, in this case, at bar, the respondent, or the appellee, I'm sorry, agrees. Their treating or their examining, Section 12 examiners, agree with the treatment that was being recommended by the treating physician, namely the right carpal tunnel surgery, which Dr., excuse me, Dr., excuse me, his name escapes me, but both of the doctors who rendered opinions for the respondent's matter both agreed with the right carpal tunnel as well as the cervical physical therapy. No one disagrees that this treatment was necessary. Their argument was that it should have been awarded in the first trial, although it had not yet been prescribed, thereby making it impossible for an appellant to argue and ask for those treatments at the original trial. The appellee argued within their brief that it is the appellant's position that the appellant is entitled to unlimited prospective medical care based on the original causal connection. That's simply not the case. The appellant at trial, the second trial, presented new evidence regarding new treatment that had been recommended. The appellee obtained opinions which agreed with that treatment, and the commission correctly awarded the treatment, namely the right carpal tunnel and the cervical physical therapy. The circuit court's denial of prospective medical treatment in this case, as well as the physical therapy and the right carpal tunnel surgery, is based on an incorrect analysis regarding the causal connection findings. The commission's decision should have been affirmed in its entirety in regards to the prospective medical treatment, as it was not against the manifest weight of the evidence. For these reasons, the appellant asks you today to overturn the decision of the circuit court and reinstate the decision of the commission as it pertains to prospective medical treatment, temporary total disability, prior medical bills, as well as the penalties and attorney's fees. Thank you, Your Honors. Thank you, Counsel. Counsel, you may respond. May it please the Court. Counsel, my name is Brian Rudd. I represent Ford Motor Company in this matter. The standard of review here is de novo, and the circuit court was correct in applying the law of the case doctrine. The issues here are legal in nature with regard to law of the case doctrine and also with the statutory interpretation under Section 19B. I'd like to begin by dispelling any further confusion with regard to the issue at bar here. At no time has a respondent or appellee argued that causal connection was not found during the first trial. Arbitrator Black made a blanket statement saying that he found a causal connection. That's it. Although that statement wasn't made with regard to which particular body part he found a causal for, the respondent at no time is arguing that causal connection was not found. The issue at bar here today, and as I've argued in my second point in my brief, is that prospective medical was decided by the commission the first time. There were certain pieces of evidence that were lacking that the commission found and vacated the right carpal tunnel syndrome. The commission also failed to award any treatment with regard to the Petitioner's cervical spine. And then the case, because it was tried under Section 19B, was remanded back to the arbitrator. At that point, Petitioner was precluded from offering any further evidence with regard to any other issue except for temporary total disability or permanency. Well, look, the doctor's nominous opinion did not address the necessity of the surgical procedure. Why was he precluded from addressing that remand? Well, Your Honor, my opponent filed a Section 19B hearing. If he did not have all of the evidence necessary to prove his claim, maybe a Section 19B hearing wasn't timely at that point. But what happened is when he files a Section 19B, the hearing is limited or proofs are open for everything at that point. But once the commission decides that and that opinion or that decision becomes final, the Petitioner no longer had the option to come back and reopen proofs on the issue of prospective medical. Is there something that prevents Petitioner from filing successive 19B petitions? No, Your Honor. I mean, in fact, the ---- Okay. I'm going to go back to something you said. You said after this first 19B, the only thing he could do is come back and address permanency. And temporary total, further temporary total disability benefits. That's correct. What about further medical benefits? Well, Your Honor, there's two sources for that. Primarily, the statute in Section 19B specifically states that in no instance would a further hearing be a bar ---- I'm sorry, would the statute be a bar to a further hearing and determination for a further amount of temporary total compensation or compensation for permanent disability but shall be conclusive as to all other questions except the nature and the extent of the injury. But isn't medical always open? I mean, you know ---- Under Section 8A, but it still requires ---- Let's say you have a 19B. Just forget about the right carpal tunnel here. Everybody agrees the first 19B, the arbitrator and commission found left carpal tunnel. That's correct, Judge. Okay. So let's say despite that, the employer refuses to pay for further treatment of the left carpal tunnel. Can he file a 19B and go back in and not address permanency and obtain an order requiring the employer to give prospective medical? In that situation, I would agree that he could, Your Honor. Under Section 8A, especially because it had already been decided by the commission, there's no issue at that point. Well, the circuit court in this case said the only thing you can do back ---- he repeated exactly what you said. All you can do is go back for further TTD or permanency. That's not correct, is it? Section 19B of the Act, Judge, specifically limits any further hearings. Thomas v. the Industrial Commission also limits further hearings. The remand is specifically limited back to the arbitrator for findings of permanency or temporary total disability benefits. Now, in the specific example that you gave me, the petition already found or the commission already found left carpal tunnel surgery. There's no issue. There's no argument. And at this point in this case, there's no argument to that as well. What happened here and what makes it different is that right carpal tunnel surgery was vacated by the commission. So the petitioner ---- and then the commission gave its reasons. So the petitioner had that information, went back to the treating physicians, perfected the claim. And what were the reasons the commission gave? The commission specified that the medical records submitted in evidence did not address the necessity element for prescribing the medical treatment. So when the commission ---- Is that tantamount to saying they failed to prove causal connection? No. It's a completely separate issue, Your Honor. Causal connection is separate and apart from what's going on here. And I believe there's been some confusion with regard to causal connection throughout the length of this case. At no point is the respondent arguing that causal connection is at issue here. Based on the same doctrine of law of the case, causal connection has been found by the commission during the first hearing and it continues to be so. And I'm not arguing against that. What I am arguing against is when the commission vacated the right carpal tunnel surgery and specifically addressed the issue of prospective medical, the only recourse the petitioner had after that decision was to file an appeal to the circuit court. Instead ---- Let me stop you again and make sure I understand. So what you're saying is a petitioner gets only one shot at a request for prospective medical. If that issue is placed under a 19B at hearing and the commission decides it and that decision is final under that issue of prospective medical, then law of the case applies. Yes, Your Honor. In other words, even though his medical situation changes and progresses, he can't come back months or a year or two years later for a second 19B to request prospective medical for something different. It all depends on what the commission's first decision states, Your Honor. In the Freeman case, for instance, the court was clear that once medical has been awarded, there's no time limit on the medical award expiring. And that's not what I'm arguing here, Judge. What I'm arguing here is that the commission specifically vacated the right carpal tunnel syndrome. At that point, the petitioner then took that information. The commission's decision described what was lacking in the evidence for the right carpal tunnel syndrome. The petitioner went back to the treating physician, got the information that was lacking the first time, and then re-litigated the exact same issue at a subsequent 19B hearing. And that's what violated the law of the case doctrine. Once the commission's decision was final, that issue with regard to prospective medical for the right carpal tunnel syndrome became law of the case and could no longer be re-litigated at subsequent hearings. This Court in a similar decision in Health at Home versus the Illinois Workers' Compensation Commission had very similar facts, although the issue in that case was causal connection instead of prospective medical. The same logic applies. The arbitrator in that case found low back injury, causal connection, and a right shoulder injury. That case was appealed to the commission. The commission vacated the right shoulder injury based on causal connection and remanded the case back to the arbitrator and specifically instructed the arbitrator that it could reevaluate new evidence with regard to right shoulder causal connection and, if so, if the evidence proves it, find a causal connection finding for the right shoulder. What happened at that point is the Respondent appealed, and this Court held that even with that specific mandate by the commission, the arbitrator was not entitled to reevaluate new evidence based on causal connection for even the right shoulder because the law of the case doctrine applied. The only difference between the circumstances in Health at Home and the circumstances that are here today are the issue is different. It's prospective medical versus causal connection. There's no... If medical would be an open issue, Your Honor, based upon if the commission in the first case here, say, found left carpal, right carpal, and the cervical issues, and that was the final decision, then the Respondent would no longer have an argument. But that's not what happened here, Judge. The commission specifically vacated the issue of prospective medical to the right carpal tunnel. So do you concede, then, that in the first 19B, the Petitioner approved and the commission found causal connection to bilateral carpal tunnel? I concede that a causal connection finding was made by the arbitrator and affirmed by the commission. However, the arbitrator... On the right? No, Your Honor. Okay. There's ambiguity in the arbitrator's decision. Okay. The arbitrator's decision made a simple statement, a one-sentence blanket causal connection. He stated, I quote, The arbitrator further finds that the Petitioner's present condition of ill-being is causally related to the injury of September 20, 2006. Now, it would have been helpful if the arbitrator would have specified whether it was left hand, right hand, or the neck, and he failed to do so. So I can't concede right carpal tunnel, no. So there is a causal connection question involved in your law, the case argument? Not at present, Your Honor. I think that would overly complicate the matter at this point. I think causal connection has been, and I would be willing to concede, at least for the purposes of this argument, that causal connection, in general, has been found. And I am not arguing that causal connection is the issue pertaining to the law of the case argument here. The issue here is prospective medical. The difference between the case at Barr and the Freeman case is that in the Freeman case, there was no vacation of any type of prospective medical by the commission. It was, in the situation you presented, the commission found prospective medical. There was no question as to any of the, I guess there was limitations to it, as there were here. And then time went on and there was no time limitation for the Petitioner's right to those benefits. Here, the Petitioner had the opportunity to argue in favor of causal connection or in favor of prospective medical. The arbitrator awarded it. When it got to the commission level, the commission vacated it. At that point, the only other option for the Petitioner to secure the right carpal tunnel surgery was to go ahead and appeal to the circuit court. Since the commission had already decided that and that their decision became final, that issue became final and became the law of the case. A subsequent 19B should have been limited by statute, by the Thomas v. the Industrial Commission case, to hearings based upon any extended temporary total disability benefits or permanency at that point. Section 8A of the Act enter into this at all? Slightly, Your Honor. I believe Section 8A of the Act, again, in line with the Freeman case, would proscribe any type of a limitation in time. So, again, if the commission in the first decision here didn't vacate the right carpal tunnel surgery, 8A would allow the Petitioner to collect benefits indefinitely. But since the commission vacated the right carpal tunnel surgery, the Petitioner is no longer entitled to those benefits. So Section 8A would not apply in that case. And 8A does require necessity finding, which is exactly the reason why the commission vacated the right carpal tunnel surgery. And why did they vacate? Because the evidence submitted at the first trial failed to support a necessity finding for the right carpal tunnel surgery. And if you look at the timeline of the case, Judge, this is a September 20, 2006, alleged accident. The time of the 19B happened, it was over two years later, in January 30, 2009. The records indicate and the briefs indicate that the Petitioner admits that no further issues had come up. There were no intervening accidents, no other changes to the Petitioner's medical condition. Therefore, any medical records that could have been available over two years after the accident very well could have supported the necessity finding for both hands and the neck. However, the commission found that the medical records failed to support the necessity finding. What about Dr. Nunn's notes from November 7, 2008? They were presented in the first hearing, were they not? Yes, they were, Your Honor. Didn't he say his physical examination and clinical history does correlate with his work activities being a significant cause of his current symptoms of bilateral carpal tunnel syndrome, which is left worse than his right, as well as a cervical reticulopathy? I would agree with that reading of the medical records, yes, Judge. So it was in evidence then? It was in evidence then, as far as causal connection goes. But the reason why the commission vacated the right carpal tunnel surgery was based upon necessity, not causal connection. In fact, that was the exact office visit that the commission referenced in denying or vacating the right carpal tunnel surgery. Because even though there was a causal finding, or at least a causal opinion by the doctor in the records, there wasn't enough information in those records to support a necessity finding. And as we all know, the petitioner has the burden to prove each and every element of every issue of his worker's compensation claim. And so even if later his left carpal tunnel syndrome progresses to the point where he does need surgery, he can't go back and get that. That's not necessarily true, Your Honor. Again, I think Freeman would apply in that case. As long as the commission failed to vacate any of the prospective medical, there would not be a time limit or an expiration of the medical benefits. So what you're keying on is the fact that they vacated it because it was the evidence was he didn't need left surgery at that time. What I'm – and I want to be very clear about this, Judge. What I'm stating here is since the commission made a decision with regard to the issue of prospective medical during the first hearing and vacated the right carpal tunnel surgery, at that point, the right carpal tunnel surgery became – and the lack of the fact that the petitioner failed to prove necessity became the law of the case. He could no longer apply for the benefit or ask for those benefits unless he took it up to the circuit court. The Section 19B of the Act is very specific on this. And that if you try a 19B and the decision is rendered, remaining hearings on remand are going to be limited to nature and extent of the said disability. Can I ask you a question? Is there a distinction between the commission reversing a finding of the arbitrator and the commission vacating the finding? I wouldn't think – I would say no, Your Honor. Why not? Because the question vacating an award removes it from the arbitrator's decision. It removes it from the arbitrator's decision, but it doesn't decide it in the opposite. A reversal decides it in the opposite. In this particular case, the commission said, therefore, based upon the evidence presented, the commission vacates the arbitrator's award with respect to the petitioner's right carpal tunnel surgery. They vacated it, but they didn't reverse it. So now the question becomes, what is its status at that point in time? Is it wide open and able to be reviewed by the arbitrator when it goes on remand under Thomas? I would almost agree with your law of the case doctrine if the commission had said they reversed the arbitrator's findings and award with respect to the right carpal tunnel syndrome because he failed to prove causal connection, et cetera and so on. But they didn't do it. All they did was remove a paragraph and insert a new paragraph where they said, well, he didn't testify. He did testify that he saw Rainey on June the 5th, and they had a conversation. Petitioner did not specifically testify, but he told the doctor about his work at Ford or that he discussed the type of work he did with Ford. Furthermore, the petitioner did not testify to Rainey. He advised him that he may have developed carpal tunnel syndrome as a result of his work at Ford. Therefore, the foregoing paragraph is deleted from the arbitrator's corrected decision in replacement of the following. Petitioner said that he saw Rainey on the 5th because he wanted to ask him about his hands and why they were tingling and hurting. Rainey didn't answer the petitioner's question. Rather, he wanted to test perform. The petitioner testified he believed the doctor felt that he had carpal tunnel. Nowhere in there does it make a finding that the petitioner failed to prove that he had right carpal, that he failed in his proofs in making a causation finding. They merely vacated the finding. So the person bet something different than if they had reversed it. I don't believe that distinction would make a difference in the commission's ability to allow open proofs on prospective medical under a man, Your Honor. Well, wait a minute. What if the commission decides there's something lacked and the issue wasn't addressed? They can't remand something? Based upon the help at home case, and which I believe is instructive in this instance, Judge, and also with regard to Justice Huffman's commentary, even if the commission instructs the arbitrator on remand that it can consider further evidence on an issue that's already been litigated, this Court has held that's improper. Section 19B of the Act specifically limits further hearings after an initial 19B on remand. And that was the basis for the commission or the appellate court's decision in help at home that precluded the arbitrator from rehearing issues that have already been heard. So are you saying when the commission vacated and remanded, noting that Dr. Nam's opinions did not address the necessity of the surgical procedure, it wasn't decided that was improper? Your Honor, I am saying that the commission did not have the authority or does not have the authority under the statute to remand the case back to the arbitrator for further evidence to be presented on an issue that it had already decided. Once it gets to the commission, that evidence is where it is. Nothing can be added. I'm sorry, Your Honor? Who decided that issue? Who decided the issue? Well, first the arbitrator and then the commission. No, no. First the arbitrator and then the commission vacated. They didn't decide anything. They decided absolutely nothing. Respectfully, Your Honor, I would disagree with that. Show me in the opinion where they did. The language in the opinion, again, is not so much limited to what the commission specifically stated in their opinion. What controls here is section 19B of the statute. And again, just like in help at home where the commission specifically instructed the arbitrator to reconsider causal connection evidence for the right shoulder, this Court held that even with that specific instruction, the arbitrator was unable on remand because consideration of any other issue that's already been decided the first time around is precluded by section 19B of the statute. You're gone over your time. Thank you. You'll have time to reply. No, you've gone over your time. Appreciate that, Your Honors. Reply. Thank you. I think you've hit the nail on the head on this case. The right carpal tunnel surgery as well as the cervical physical therapy, they weren't litigated at the first trial. They weren't up as an issue before the Court at that time. The arbitrator, they were not really prescribed. Wait a minute. They were up as an issue. The prospective medical for the right carpal tunnel and cervical physical therapy at the time of the first trial were not up as an issue as they had not yet been prescribed. We could not go in there to ask for those treatments as they were not prescribed until post-decision. The only prospective medical that the doctors were recommending at that time was the left carpal tunnel syndrome, left carpal tunnel release. The arbitrator erroneously awarded both carpal tunnel surgeries, and the commission correctly vacated that decision as it was not up before the Court at that time. Because the noun had not opined them. It had not opined them. That's correct. Correct. He had only discussed the left carpal tunnel surgery. We're not talking causation. We're talking necessity. All right. All right. We're only talking prospective medical, necessity of the medical care. The commission, and within Appellee's brief, everyone agrees that bilateral carpal tunnel and cervical injuries were found at the time of the first trial, affirmed by the commission, and the law of the case doctrine at the time of the second trial and second commission decision found that those conditions were still related to the original work accident. Causal connection versus necessity of medical treatment are two very different things. If the commission had stated, we find that the left carpal tunnel, I'm sorry, excuse me, the right carpal tunnel is not causally connected to the work accident of September 20, 2006, that decision becomes final. We cannot go back and present more evidence to try to prove it. Medical necessity itself. Correct. But that wasn't what happened. That's not what happened. I agree. We believe that the commission got this right. They awarded only what they were able to award, and that's it. We cannot go before the commission to ask for treatment that has not been awarded. The arbitrator simply made a mistake, that mistake was vacated, and the decision became correct. And for those reasons, once again, we ask that the decision of the commission be reinstated and the circuit court decision be reversed. Thank you very much. Thank you, counsel. Thank you, counsel, for your arguments in this matter. It will be taken under advisement and written disposition shall issue.